James P. VALE, Petitioner-Appellee,

v.

C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellant.

No. 28668.

United States Court of Appeals, Fifth Circuit.

July 31, 1970.

Louise Korns, Asst. Dist. Atty., New Orleans, La., Jim Garrison, Dist. Atty.. for respondent-appellant.

Edwin M. Callaway, Court appointed, Sam J. D'Amico, Baton Rouge, La., for petitioner-appellee.

Before JOHN R. BROWN, Chief Judge, and GEWIN and THORN-BERRY, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court granting a writ of habeas corpus under 28 U.S.C.A. § 2254 to a prisoner of the state of Louisiana. The petition charged that the right of the petitioner, James P. Vale, had been violated at his state trial by the introduction of evidence at his state trial that was the result of an unreasonable search and seizure.

Our review of the District Court's action here has in effect been made for us by the Supreme Court's action in the case of petitioner's brother, Donald Vale. Vale v. Louisiana, 1970, 399 U.S. 30, 90 S.C. 1969, 26 L.Ed.2d 409. There the Court reversed the state Court conviction, which was in the Court on a writ of certiorari to the Supreme Court of Louisiana, of Donald Vale, this petitioner's brother. The two convictions grew out of the same episode. The officers arrested Donald Vale, who they believed was engaged in narcotics traffic, outside the family home. They proceeded to search the house and found a quantity of narcotics. As the search was in process, James Vale, this petitioner, appeared on the scene, was arrested, and the evidence found throughout the house was used to convict both brothers.

In reversing Donald Vale's conviction, the Court found that the warrantless search of the house was unreasonable and that the evidence seized was tainted even without the added adulteration that would result if Chimel v. California, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 were to be applied retroactively. And as the State now concedes, there is no material distinction between this case and Donald Vale's case. The District Court must be affirmed.

Affirmed.